**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MSO SEALS & GASKETS, INC. D/B/A** | § | |
| **METRIC STANDARD ODD SEALS &** | § | |
| **GASKETS, INC.** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:19-CV-04491** |
| | § | **JURY** |
| | § | |
| **SCOTTSDALE INSURANCE COMPANY** | § | |
| **AND ERIN ELIZABETH MEIWES,** | § | |
| | § | |
| *Defendants*. | § | |

**SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship, improper joinder, and amount in controversy, and respectfully shows the following:

## I.   PROCEDURAL BACKGROUND

1.       On August 6, 2019, Plaintiff, MSO Seals & Gaskets, Inc. d/b/a Metric Standard Odd Seals & Gaskets, Inc. ("MSO" or "Plaintiff") filed its Original Petition in a case styled *MSO Seals & Gaskets, Inc., d/b/a Metric Standard Odd Seals & Gaskets, Inc. v. Scottsdale Insurance Company and Erin Elizabeth Meiwes*, Cause No. 2019-53907, pending in the 125th Judicial District Court of Harris County, Texas.

2.       Scottsdale received a copy of the Plaintiff's Original Petition on October 17, 2019.

1

3.      Scottsdale files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. § 1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

4.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5.      Attached hereto are copies of the following documents:

- **Exhibit 1:**      Index of Matters Being Filed;

- **Exhibit 2:**      A copy of the Harris County Clerk's file; and

- **Exhibit 3:**      List of Parties and Counsel.

## II.    BASES FOR REMOVAL

6.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.  Plaintiff and Defendant Scottsdale are diverse.**

7**.      Plaintiff**, MSO Seals & Gaskets, Inc., is a Domestic Corporation doing business as Metric Standard Odd Seals & Gaskets, Inc., also a Domestic Corporation.

8.      **Defendant,** Scottsdale Insurance Company, is incorporated under the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona. Scottsdale is therefore not a citizen of the State of Texas for diversity purposes.

9.      **Defendant,** Erin Elizabeth Meiwes ("Meiwes"), is and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.  Concerning the claims against Meiwes, however, it is Scottsdale's position that Plaintiff improperly joined Meiwes. As explained below, the Court should disregard Meiwes' Texas citizenship to evaluate diversity in this matter.

10.     Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Scottsdale.

2

**B.  Defendant Erin Elizabeth Meiwes has been improperly joined in this lawsuit.**

11.    With respect to the claims against defendant independent adjuster Meiwes, it is Scottsdale's position that Meiwes is improperly joined in this action and she is, therefore, not a proper party to this lawsuit. Consequently, the Texas citizenship of Meiwes should be disregarded for the purposes of evaluating diversity in this matter.  The doctrine of improper joinder ensures that the presence of improperly joined, non-diverse defendants do not defeat federal removal jurisdiction premised on diversity.  *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  The removing party bears the burden of demonstrating improper joinder.  *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

12.    The Fifth Circuit explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (*en banc*).  Under the second method, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573.  The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

13.    A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.*  "The court may [either] conduct a Rule 12(b)(6)-type analysis ... [or], in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 2016 WL 1274030, at *8 (5th Cir. Mar. 31,

2016) (quoting *Smallwood*, 385 F.3d at 573).  "Certainly a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both."  *Id.* at \*7.

14.     If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Smallwood*, 385 F.3d at 573.  However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies."  *Int'l Energy Ventures Mgmt., L.L.C.*, at \*7.  The court further stated that "the *Smallwood* opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the in state court language.[1]  *Id.*  Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading standard embodied in that analysis."  *Id.* at \*8.  Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* at \*3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twobly*, 550 U.S. 544, 547 (U.S. 2007).

15.     Additionally, "merely pleading a valid state law claim ... against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent ...."  *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In the context of joinder of non-diverse insurance adjusters, Courts in the Fifth Circuit require plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic,

---

[1] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d. at 573.  This test does not mention a state pleading standard.

4

conclusory, statute-tracking claims against the insurer." *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011).

16.     Here, however, Plaintiff fails to offer any specific actionable facts to support its claims against Meiwes that are distinct from Plaintiff's claims against Scottsdale.  The causes of action against Meiwes are listed verbatim and are identical as to Scottsdale.  Therefore, Plaintiff fails to state viable state law claims against Meiwes, individually.  *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

17.     Plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.  Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  "When the pleaded factual content allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged," then the claim

has facial plausibility. *Iqbal*, 556 U.S. at 663.

18.     Plaintiff does not offer any factual support for its claims against Meiwes for

which she may be held liable. Plaintiff fails to make the required "factual fit between [its]

allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701

(5th Cir. 1999).

19.     The "facts" asserted against Meiwes and Plaintiff's pleaded causes of action are

incongruent and do not support a reasonable inference that Meiwes could be held individually

liable under Plaintiff's pleaded causes of action under the Texas Insurance Code chapter 541,

and the Texas Deceptive Trade Practices Act — and constitutes a failure to state a claim and

improper joinder of that party.  *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at

*3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas

Insurance Code" without "facts illustrating what actions are attributable to [the adjuster]

individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v.

Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at *3–4 (N.D. Tex. May 22, 2009)

(finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated

such provisions "are really legal conclusions couched as factual allegations"); *Broadway v.

Brewer*, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (holding that a petition listing

statutory provisions of the Insurance Code that were violated by Defendants "does not, on its

face, allege facts supporting an independent cause of action against [the insurance agent]"); *First

Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL

4533729, at *6 (E.D. Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state

specific factual averments identifying how [the adjuster] violated the law in a manner giving rise

6

to the asserted claims"); *Griggs*, 181 F.3d at 701–02 (upholding denial of motion to remand where there were no factual allegations in plaintiff's petition to support claim against agent).

20.     Additionally, Plaintiff alleges causes of action against Meiwes for which it cannot recover.[2]

21.     Based upon the foregoing, it is evident that Meiwes was improperly joined in the lawsuit in an effort to defeat diversity jurisdiction.

22.     Further, without asserting facts as to how Meiwes, individually and not as an independent adjuster assigned by Scottsdale, committed actionable violations of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal. *Twombly*, 550 U.S. at 555.  Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants.  *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication).  Texas law is clear that to be liable for alleged violations of the Texas Insurance Code, the adjuster, individually, must have committed the violation that caused the harm.  *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007).  Here, the alleged harm is Scottsdale's failure to pay for covered damages.

23.     The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Scottsdale owes Plaintiff payment under the policy for the claimed loss.  Plaintiff's claim is for

---

[2] Texas federal courts that have addressed § 541.060 unfair settlement practices allegations against an adjuster have found that the section only applies to insurers, and that it does not apply to adjusters. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016)(J. Fitzwater); *see, Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'"); *see, e.g., Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex.App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship").  Chapter 542 only applies to insurers. *See Richardson E. Baptist Church v. Philadelphia Indem.* Ins. Co., 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.–Dallas Mar. 30, 2016, no. pet. h.); *see, e.g., Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *6 (N.D.Tex. Aug. 31, 2015) ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer.").  Texas law does not recognize a cause of action for negligent claims handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997).

economic losses against Scottsdale, which are contractual claims.  Further, a *bona fide* dispute as to coverage or the amount of the claim exists that may preclude Plaintiff's actions for alleged bad faith and Insurance Code violations.

24.     As such, this Court should disregard the citizenship of Meiwes, the non-diverse defendant.  And the Court should find removal of this case is proper.

**C. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

25.     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

26.     Plaintiff alleges that Defendant is liable under a commercial insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and underpaid Plaintiff's claim. This is a civil action in which the claim for relief Paragraph 74 of Plaintiff's petition indicates "Plaintiff seeks only monetary relief of no less than $1,000,000.00."

This evidence demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

27.     Scottsdale received service of this lawsuit on October 17, 2019.  Thus, Scottsdale is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

28.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii)  a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

29.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

30.     Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

31.     Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

32.     Defendant Meiwes consents to this removal.

### IV.   CONCLUSION

33.     Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant, Scottsdale Insurance Company, hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:  /s/ George Arnold
       **George H. Arnold,** *Attorney-in-Charge*
       State Bar No. 00783559
       garnold@thompsoncoe.com
       **Susan Sparks Usery**
       State Bar No. 18880100
       susery@thompsoncoe.com
       THOMPSON, COE, COUSINS & IRONS, LLP
       One Riverway, Suite 1400
       Houston, Texas  77056
       Telephone:  (713) 403-8210
       Facsimile:  (713) 403-8299

       **ATTORNEYS FOR DEFENDANT**
       **SCOTTSDALE INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that on the 14th day of November, 2019, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

Chad T. Wilson
Patrick C. McGinnis
CHAD T. WILSON LAW FIRM, PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas  77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com
*Attorneys for Plaintiff*

        /s/ George Arnold
       George Arnold