| **HCDistrictclerk.com** | MSO SEALS & GASKETS INC (DBA METRIC STANDARD ODD S vs. SCOTTSDALE INSURANCE COMPANY | 11/14/2019 |
|---|---|---|

Cause: 201953907      CDI: 7      Court: 125

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

All

## SUMMARY

| CASE DETAILS | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 8/6/2019 | **Court** | 125th |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686141 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA | **JudgeName** | KYLE CARTER |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | 9/26/2019 | | |

## POST TRIAL WRITS

| Description | Requested | Assigned | Issued | Returned |
|---|---|---|---|---|

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| MSO SEALS & GASKETS INC (DBA METRIC STANDARD ODD SEALS AND GASKETS | PLAINTIFF - CIVIL | | MCGINNIS, PATRICK CONNELL |
| SCOTTSDALE INSURANCE COMPANY | DEFENDANT - CIVIL | | ARNOLD, GEORGE |

**EXHIBIT 2**

1/3

| METRIC STANDARD ODD SEALS AND GASKETS | PLAINTIFF - CIVIL | MCGINNIS, PATRICK CONNELL |
| MEIWES, ERIN ELIZABETH | DEFENDANT - CIVIL | |
| SCOTTSDALE INSURANCE COMPANY MAY BE SERVED BY SERVING COMMISSIONER | REGISTERED AGENT | |

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 11/8/2019 | ANSWER ORIGINAL PETITION | | | 0 | | ARNOLD, GEORGE | SCOTTSDALE INSURANCE COMPANY |
| 9/26/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 8/6/2019 | ORIGINAL PETITION | | | 0 | | MCGINNIS, PATRICK CONNELL | METRIC STANDARD ODD SEALS AND GASKETS |
| 8/6/2019 | ORIGINAL PETITION | | | 0 | | MCGINNIS, PATRICK CONNELL | MSO SEALS & GASKETS INC (DBA METRIC STANDARD ODD SEALS AND GASKETS |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|-----------|--------|-----------|--------|--------|----------|----------|----------|-----------|
| CITATION (INSURANCE COMMISSION) | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | SCOTTSDALE INSURANCE COMPANY MAY BE SERVED BY SERVING COMMISSIONER | 9/26/2019 | 10/1/2019 | 10/17/2019 | | 10/23/2019 | 73678671 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 8877 NORTH GAINEY CENTER DIVE SCOTTSDALE AZ 85258 | | | | | | | | | |
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | MEIWES, ERIN ELIZABETH | 9/26/2019 | 10/1/2019 | | | | 73678686 | CIV AGCY-CIVILIAN SERVICE AGENCY |
| | 1911 W 1ST STREET PETERSBURG TX 79250 | | | | | | | | | |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 88023390 | Defendnt Scottsdale Insurance Company's Verified Original Answer to Plaintiff's Original Petition in Plea in Abatement | | 11/08/2019 | 4 |
| 87745750 | Service Return | | 10/23/2019 | 2 |
| 87522052 | Civil Process Pick-Up Form | | 10/01/2019 | 1 |
| 87320311 | Letter to Clerk | | 09/26/2019 | 1 |

Office of Harris County District Clerk - Marilyn Burgess

| | | | |
|---|---|---|---|
| :> 87320312 | Civil Process Request | 09/26/2019 | 2 |
| 86517602 | PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE | 08/06/2019 | 18 |
| :> 86517605 | CIVIL CASE INFORMATION | 08/06/2019 | 1 |
| :> 86517603 | CIVIL PROCESS REQUEST FORM | 08/06/2019 | 2 |
| :> 86517604 | CORRESPONDENCE | 08/06/2019 | 1 |

8/6/2019 1:10 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35730112
By: Joshua Hall
Filed: 8/6/2019 1:10 PM

## 2019-53907 / Court: 125

CAUSE NO. _____

| | | |
|---|---|---|
| MSO SEALS & GASKETS, INC. DBA METRIC STANDARD ODD SEALS & GASKETS, INC., | § § § § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § § § | |
| V. | § § | HARRIS COUNTY, TEXAS |
| SCOTTSDALE INSURANCE COMPANY AND ERIN ELIZABETH MEIWES, | § § § § | |
| *Defendants.* | § | _____ DISTRICT COURT |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MSO Seals & Gaskets, Inc. d/b/a Metric Standard Odd Seals and Gaskets, Inc., ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Scottsdale Insurance Company ("Scottsdale") and Erin Elizabeth Meiwes ("Meiwes") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiff, MSO Seals & Gaskets, Inc. d/b/a Metric Standard Odd Seals and Gaskets, Inc., resides in Harris County, Texas.

3. Defendant, Scottsdale Insurance Company, is an Ohio insurance company engaged in the business of insurance in the State of Texas. Scottsdale does not name a registered agent for service of process on the Texas Department of Insurance website. Scottsdale's physical

address is: **8877 North Gainey Center Drive Scottsdale AZ 85258.**  Plaintiff requests service of citation upon Scottsdale Insurance Company through the Texas Department of Insurance:  **8877 North Gainey Center Drive Scottsdale AZ 85258 c/o Commissioner of Insurance, P.O. Box 149104, Austin, Texas 78714-9104**.  Plaintiff requests service at this time.

4.  Defendant Erin Elizabeth Meiwes is an individual resident of Petersburg, Texas.  Meiwes may be served with citation at the address listed with the Texas Department of Insurance**: 1911 W. 1st Street, Petersburg, Texas 79250-9800**.  Plaintiff requests service at this time.

## JURISDICTION

5.  The Court has jurisdiction over Scottsdale because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Scottsdale's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.  The Court has jurisdiction over Meiwes because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.  Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

*Plaintiff's Original Petition, Jury Demand, and Request for Disclosure*                    *Page 2*

## FACTS

8.  Plaintiff asserts claims for breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, common law bad faith, and violations of the Texas DTPA.

9.  Plaintiff owns a commercial insurance policy, number CPS2675562 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at **4702 & 4711 Steffani Lane Houston, Texas 77041** ("the Property").

10. Scottsdale or its agent sold the Policy, insuring the Property, to Plaintiff. Scottsdale or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's Property. Scottsdale has refused the full extent of that coverage currently owed to Plaintiff.

11. On or about August 27, 2017, the Property sustained extensive damage resulting from a severe storm that passed through the Houston/ Harris County, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Scottsdale against the Policy for damage to the Property. Scottsdale assigned claim number 01789405 to Plaintiff's claim.

13. Plaintiff asked Scottsdale to cover the cost of damage to the Property pursuant to the Policy.

14. Scottsdale hired or assigned its agent, Meiwes to inspect and adjust the claim. Meiwes conducted an inspection on or about October 17, 2017. Meiwes' findings were that the claim was not covered due to wear and tear and poor maintenance. Plaintiff was left without adequate funds to make repairs on the entirety of its claim.

15. Scottsdale and Meiwes, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic

amount to underpay coverage.

16.   Scottsdale and Meiwes have ultimately refused full coverage which includes, but is not limited to, replacement of the roof, additional interior damage, and loss of business income. The third-party inspector hired to review the damage to the Property found damage to the metal roofing on both buildings. In addition, the third-party inspector found damage to ridge cap, rain cap, gutters, downspouts and roof vent that were completely absent from Meiwes's estimate.   The storm's extensive and obvious windstorm and hail damage including, but not limited to, the roofs, vents, flashings, and sheetrock damages. The storm compromised the integrity of the roof at 4702 Steffani Lane, Houston, Texas 77041, allowing water to enter, causing water damage to the following areas of the interior: the front office, front middle office, front left office, and left office.

17.   The damage to Plaintiff's Property is currently estimated at $131,515.92.

18.   Meiwes had a vested interest in undervaluing the claims assigned to him by Scottsdale in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of on the part of Meiwes.

19.   Furthermore, Meiwes was aware of Plaintiff's policy deductible prior to inspecting the Property. Meiwes had advanced knowledge of the damages she needed to document in order to be able to deny the claim.

20.   Meiwes misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Meiwes made these

misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on her expertise and accept the bad faith estimate as a true representation of the damages.

21.     After reviewing Plaintiff's Policy, Meiwes misrepresented that the damage was caused by non-covered perils. Meiwes used her expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

22.     As stated above, Scottsdale and Meiwes improperly and unreasonably adjusted Plaintiff's claim.  Without limitation, Scottsdale and Meiwes misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

23.     Scottsdale and Meiwes made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Scottsdale and Meiwes made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by.

24.     Plaintiff relied on Scottsdale and Meiwes' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.  Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

25.   Upon receipt of the inspection and estimate reports from Meiwes, Scottsdale failed to assess the claim thoroughly.  Based upon Meiwes's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Scottsdale failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26.   Because Scottsdale and Meiwes failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property.

27.   Furthermore, Scottsdale and Meiwes failed to perform their contractual duties to Plaintiff under the terms of the Policy.  Specifically, Meiwes performed an unreasonable and substandard inspection that allowed Scottsdale to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

28.   Scottsdale's and Meiwes' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

29.   Scottsdale's and Meiwes's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (1).  Scottsdale and Meiwes have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Scottsdale and Meiwes have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting

disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

30.   Scottsdale's and Meiwes's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a) (2) (A).   Scottsdale and Meiwes failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

31.   Additionally, after Scottsdale received statutory demand on or about December 11, 2018, Scottsdale has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

32.   Scottsdale's and Meiwes's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a) (4).   Meiwes performed a biased and intentionally substandard inspection designed to allow Scottsdale to refuse to provide full coverage to Plaintiff under the Policy.

33.   Specifically, Scottsdale's and Meiwes's performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34.   Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.055.   Due to {{case|72154}}'s subpar inspection, Scottsdale failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

35.   Scottsdale's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.   TEX. INS. CODE §542.056.   Due to Meiwes's intentional undervaluation of

Plaintiff's claims, Scottsdale failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.   Specifically, Meiwes understatement of the damage to the Property caused Scottsdale to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

36.     Scottsdale's and Meiwes's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

### CAUSES OF ACTION AGAINST DEFENDANT SCOTTSDALE INSURANCE COMPANY

37.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

38.     Scottsdale is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Scottsdale and Plaintiff.

39.     Scottsdale's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

40.  Scottsdale's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

41.  Scottsdale's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

42.  Scottsdale's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

43.  Scottsdale's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

44.  Scottsdale's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

45.  Scottsdale's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

46. Scottsdale's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

47. Scottsdale's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

48. Scottsdale's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Scottsdale's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

50. Scottsdale's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Scottsdale knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

51. Scottsdale's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Scottsdale pursuant to the DTPA.  Plaintiff has met all conditions

precedent to bringing this cause of action against Scottsdale.  Specifically, Scottsdale's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Scottsdale has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Scottsdale's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Scottsdale represented to Plaintiff that the Policy and Scottsdale's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Scottsdale also represented to Plaintiff that the Policy and Scottsdale's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Furthermore, Scottsdale advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Scottsdale breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    Scottsdale's actions are unconscionable in that Scottsdale took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

Scottsdale's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.    Scottsdale's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

52.    Each of the above-described acts, omissions, and failures of Scottsdale is a producing cause of Plaintiff's damages.   All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT ERIN ELIZABETH MEIWES

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

53.    All allegations above are incorporated herein.

54.    Meiwes's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

55.    Meiwes is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Scottsdale, because Meiwes is a "person," as defined by TEX. INS. CODE §541.002(2).

56.    Meiwes knowingly underestimated the amount of damage to the Property.   As such, Scottsdale failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

57.    Furthermore, Meiwes did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

58.     Meiwes's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

59.     Meiwes's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

60.     All allegations above are incorporated herein.

61.     Meiwes's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Meiwes pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Meiwes. Specifically, Meiwes' violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, Meiwes has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Meiwes' violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.      Meiwes represented to Plaintiff that the Policy and her adjusting and investigative

services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Meiwes represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Meiwes' actions are unconscionable in that Meiwes took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Meiwes unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Meiwes conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

62.    Each of Meiwes's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Meiwes, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

**KNOWLEDGE**

63.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

64.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

65.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

66.    Plaintiff currently estimates that actual damages to the Property under the Policy are $131,515.92.

67.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

68.    For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

69.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional

conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

70.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

71.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amounts owed, exemplary damages, and damages for emotional distress.

72.   Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

73.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the

reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this

action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

74.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states

that the damages sought are in an amount within the jurisdictional limits of this Court.  As

required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states

that Plaintiff seeks only monetary relief of no less than $1,000,000.00, including damages

of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will

ultimately determine the monetary relief actually awarded, however.  Plaintiff also seeks

pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

75.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants

disclose, within fifty (50) days from the date this request is served, the information or material

described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

76.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the

appropriate jury fee.

## PRAYER

Plaintiff, MSO Seals & Gaskets, Inc. d/b/a Metric Standard Odd Seals and Gaskets, Inc.

prays that Defendants, Scottsdale Insurance Company and Erin Elizabeth Meiwes, be cited and

served to appear, and that upon trial hereof, Plaintiff, MSO Seals & Gaskets, Inc. d/b/a Metric

Standard Odd Seals and Gaskets, Inc., has and recovers from Defendants, Scottsdale Insurance

Company and Erin Elizabeth Meiwes, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, MSO Seals & Gaskets, Inc. d/b/a Metric Standard Odd Seals and Gaskets, Inc., may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Patrick C. McGinnis*
Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

10/23/2019 10:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37885926
By: Shanelle Taylor
Filed: 10/23/2019 10:40 AM

CAUSE NO. 201953907

RECEIPT NO.                                    0.00    CIV
          *********                       TR # 73678671

| PLAINTIFF: MSO SEALS & GASKETS INC (DBA METRIC STANDARD ODD SEALS AND GASKETS | In The   125th Judicial District Court of Harris County, Texas |
| vs. | 125TH DISTRICT COURT |
| DEFENDANT: SCOTTSDALE INSURANCE COMPANY | Houston, TX |

CITATION (INSURANCE COMMISSION)

THE STATE OF TEXAS
County of Harris

TO: SCOTTSDALE INSURANCE COMPANY MAY BE SERVED BY SERVING COMMISSIONER
    OF INSURANCE P O BOX 149104 AUSTIN TEXAS 78714-9104
    FORWARD TO:
    8877 NORTH GAINEY CENTER DIVE   SCOTTSDALE AZ 85258

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 6th day of August, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 1st day of October, 2019, under my hand and
seal of said Court.

Issued at request of:
MCGINNIS, PATRICK CONNELL
455  E. MEDICAL CENTER BLVD., SUITE
555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 13631900

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: MOMON, RHONDA HWP//11343451

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 7:00 o'clock A.M., on the 15 day of October, 2019
Executed at (address) P.O. Box 149104, Austin, TX 78714 in
Travis County at 7:08 o'clock A.M., on the 17 day of October,
2019 by delivering to Scottsdale Insurance company defendant, a
true copy of this Citation together with the accompanying Plaintiff's original petition jury demand and request for Disclosure copy(ies) of the Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.
FEE: $ 75  By CMRRR 7019-0140-0000-4210-5071

_____ of _____ County, Texas

Heather Bork PSC#8133
EXP 2/28/20
Affiant                          By _____
                                      Deputy

On this day, Heather Bork, known to be the person whose
signature appears on the foregoing return, personally appeared. After being me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 22nd day of October, 2019

Notary Public

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948

*73678671*

11/8/2019 6:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38369807
By: JIMMY RODRIGUEZ
Filed: 11/8/2019 6:48 PM

## CAUSE NO. 2019-53907

| | | |
|---|---|---|
| **MSO SEALS & GASKETS, INC. D/B/A** | § | **IN THE DISTRICT COURT** |
| **METRIC STANDARD ODD SEALS &** | § | |
| **GASKETS, INC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **SCOTTSDALE INSURANCE** | § | |
| **COMPANY AND ERIN ELIZABETH** | § | |
| **MEIWES,** | § | |
| *Defendants.* | § | **125TH JUDICIAL DISTRICT** |

## DEFENDANT SCOTTSDALE INSURANCE COMPANY'S VERIFIED ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant SCOTTSDALE INSURANCE COMPANY (hereinafter "Defendant") and files this, its original answer and would respectfully show as follows:

### I. ORIGINAL ANSWER

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Original Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.      Defendant further pleads that Plaintiff failed to give proper notice under Tex. Ins. Code §542A.003. Chapter 542A of the Texas Insurance Code applies to Plaintiff's lawsuit because it is an action on a claim under an insurance policy covering real property that arises from a force of nature. Plaintiff failed to give proper notice under Tex. Ins. Code §542A.003, precluding or limiting any right Plaintiff may have to recover attorney's fees. Specifically, Tex. Ins. Code §542A.003

1

requires that Plaintiff provide written notice to Defendants no later than the 61st day before the date Plaintiff files an action to which Chapter 542A applies that must include:

(1) a statement of the acts or omissions giving rise to the claim;

(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and

(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

Because Plaintiff failed to provide the required pre-suit notice, "The court shall abate the action of the court finds that the person filing the plea in abatement (1) did not, for any reason, receive a presuit notice complying with Section 542A.003…" Tex. Ins. Code §542A.005.

## DEMAND FOR JURY TRIAL

3.      Defendant demands a trial by jury in accordance with the laws of the State of Texas. Defendant believes the appropriate fee has been tendered by the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Defendant SCOTTSDALE INSURANCE COMPANY respectfully prays that Plaintiff take nothing on the claims against Defendant, that Defendant recovers its costs herein, and that it receives such other and further relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

By:  /s/ George Arnold

        **George H. Arnold**
        State Bar No. 00783559
        garnold@thompsoncoe.com
        **Susan Sparks Usery**
        State Bar No. 18880100
        susery@thompsoncoe.com
        THOMPSON, COE, COUSINS & IRONS, LLP
        One Riverway, Suite 1400
        Houston, Texas  77056
        Telephone:  (713) 403-8210
        Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      This is to certify that on the 8th day of November, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

Chad T. Wilson
Patrick C. McGinnis
CHAD T. WILSON LAW FIRM, PLLC
455 E. Medical Center Blvd., Suite 555
Webster, TX  77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com
*Attorneys for Plaintiff*

         /s/ George Arnold

        George Arnold

3

# VERIFICATION

STATE OF TEXAS                                   §
                                                 §
COUNTY OF HARRIS                                 §


BEFORE ME, the undersigned notary public, on this day personally appeared Susan Sparks Usery, being by me duly sworn on her oath deposed and said that she has read the above and foregoing pleading and the statements contained therein are, to the best of her knowledge, information and belief, true and correct.



Susan Sparks Usery, Attorney


SUBSCRIBED AND SWORN TO BEFORE ME by Susan Sparks Usery on this 8th day of November, 2019, to certify which witness my hand and official seal.

VERONICA S PIZZITOLA
Notary Public, State of Texas
Notary ID 1016071-9
My Commission Exp. 09-14-2021

Notary Public, State of Texas