United States District Court
Southern District of Texas
**ENTERED**
June 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MSO SEALS & GASKETS, INC.; dba METRIC STANDARD ODD SEALS & GASKETS, INC., | § § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:19-CV-4491 |
| SCOTTSDALE INSURANCE COMPANY; cp NATIONWIDE MUTUAL INSURANCE COMPANY, *et al*, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

Pending before the Court is Plaintiff's Motion to Abstain and Remand. (Dkt. 15). After careful consideration of the pleadings, the motion and response, the entire record, the parties' submissions, and the applicable law, the Court **GRANTS** the motion to abstain and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit was filed by MSO Seals and Gaskets, Inc. d/b/a Metric Standard Odd Seals & Gaskets, Inc. ("MSO Seals") in the 125th Judicial District Court of Harris County, Texas on November 14, 2019. MSO alleges that on or about August 27, 2017 a storm caused extensive damage to commercial property it owns located at 4702 & 4711 Steffani Lane in Houston, Texas. It further alleges that its insurance company, Defendant Scottsdale Insurance Company ("Scottsdale"), failed to properly investigate and fully cover its claim for this damage. MSO Seals therefore sued Scottsdale as well as

Defendant Erin Elizabeth Meiwes ("Meiwes"), an adjuster hired by Scottsdale Insurance Company to "inspect and adjust the claim." Plaintiffs' Original Petition Dkt. 1-2 paragraph 14.  In this action, MSO Seals has asserted claims against Scottsdale for breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"). It has asserted claims against Meiwes for violations of the Texas Insurance Code and the Texas DTPA. MSO Seals is seeking damages of "no less than $1,000,000.00." *Id.* at paragraph 74.   MSO Seals and Meiwes are both alleged to be Texas residents. Id. Dkt. 1-2 paragraphs 2 & 4.

MSO Seals has now filed a motion asking this Court to remand this case, contending that this Court lacks diversity jurisdiction to hear this case because both MSO Seals and Meiwes are Texas residents.  Scottsdale argues that Meiwes was improperly joined to this action because MSO Seals's pleadings against her fail to state a claim for relief.[1]  The Court will consider each of these arguments in turn below.

---

[1] Because Scottsdale removed this case to this Court before MSO Seals could serve Meiwes, Scottsdale argues in its response to the motion to abstain and remand that its removal was a "snap" removal that properly exploited an alleged loophole created by the "properly joined and served" language in the forum defendant rule. See 28 U.S.C. § 1441(b)(2). The snap removal argument does not apply to the facts here because, irrespective of whether MSO Seals had served Meiwes, MSO Seals and Meiwes are both residents of the same state (Texas, which incidentally is also the forum state) and hence the parties are not completely diverse. *See New York Life Insurance Co. v. Deshotel*, 142 F.3d 873, 883–84 (5th Cir. 1998) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."). In order to defeat MSO Seals's motion to remand, Scottsdale must therefore show that Meiwes was not "joined by [MSO Seals] in good faith"—i.e., that Meiwes was improperly joined. *Id.* ("Broussard's non-diverse citizenship cannot be ignored simply because he was an unserved defendant.").

## **LEGAL STANDARD**

Generally, under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court civil action over which the federal court would have "original jurisdiction." *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have "original jurisdiction" over civil actions where the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). However, such diversity jurisdiction requires complete diversity—that is, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *See, e.g., Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) ("The only caveat is that, when a properly joined defendant is a resident of the same state as the plaintiff, removal is improper.").

Improper joinder constitutes a narrow exception to the rule of complete diversity. *Cuevas v. BAC Home Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Under this doctrine, the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *Id.* In essence, the court may ignore an improperly joined non-diverse defendant when determining its subject-matter jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).

Thus, the issue at hand is whether Meiwes has been improperly joined. A non-diverse defendant may be found to be "improperly joined" if either (1) there is "actual fraud in the [plaintiff's] pleading of jurisdictional facts" or (2) the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant. *Mumfrey v. CVS Pharm. Inc.*, 719 F.3d 392, 401 (5th Cir. 2013). Only the second type of improper joinder is at issue here. The Court must determine "whether Scottsdale has demonstrated that there is no possibility of recovery by [MSO Seals] against [Meiwes], which stated differently means that there is no reasonable basis for the district court to predict that [MSO Seals] might be able to recover against [Meiwes]." *Smallwood*, 385 F.3d at 573; *see also Mastronardi v. Wells Fargo Bank, et al.*, No. 15–11028, 653 Fed. App'x. 356, 357, 2016 WL 3549007, at *1 (5th Cir. June 29, 2016) (citing *Smallwood*).

To determine whether a plaintiff has a reasonable basis of recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Alternatively, in cases where "a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings" and conduct a summary judgment-type inquiry. *Id.*

Federal pleading standards govern the Rule 12(b)(6)-type improper joinder analysis. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 204. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. *Smallwood*,

385 F.3d at 574. The removal statute must be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82.

## ANALYSIS

### MSO has Stated a Claim for Relief Against Meiwes

In opposing remand, Scottsdale argues that MSO Seals's petition does not state a claim for relief against Meiwes. (Notice of Removal, Dkt. 1, at 3-11; Amended Resp. Mot. Remand, Dkt. 17, at 2). According to Scottsdale, MSO Seals's allegations are insufficient to state valid claims against Meiwes under either the Texas Insurance Code or the Texas Deceptive Trade Practices Act.

The Court agrees that MSO Seals's allegations against Meiwes are insufficient to state claims under the Texas Insurance Code. *See, e.g., Lopez v. United Property & Casualty Co.* 197 F. Supp. 3d 944, 950–51 (S.D. Tex. 2016). However, applying a "Rule 12(b)(6)-analysis," the Court finds that MSO Seals has alleged sufficient facts to state a plausible claim against Meiwes under the Texas DTPA. Here, MSO Seals asserts a DTPA claim against Meiwes separate and apart from its claim under the Texas Insurance Code. And MSO Seals asserts more than mere boilerplate conclusory allegations regarding Meiwes's alleged misrepresentations that form the basis of its DTPA claim. *Cf. Columbia Mut. Ins. Co. v. Cedar Rock Lodge, LLC,* 1:15–CV–111–P–BL, 2016 WL 1073051, at *6 (N.D. Tex. Feb. 3, 2016), *report and recommendation adopted*, 1:15–CV–0111–P–BL, 2016 WL 1059677 (N.D. Tex. Mar. 17, 2016). MSO Seals alleges "Meiwes misrepresented the actual amount of damage Plaintiffs' Property sustained in addition to how much it would cost to repair the damage." (Dkt. 1-2, Plaintiff's Original Petition,

Jury Demand and Request for Disclosure at paragraph 20). "After reviewing Plaintiffs' Policy, Meiwes misrepresented that the damage was caused by non-covered perils. Meiwes used her expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy." *Id*. at paragraph 21. It also alleges a motive for the misrepresentations: "Meiwes had a vested interest in undervaluing the claims assigned to her by Scottsdale in order to maintain her employment. The disparity in the number of damaged items in her report compared to that of the third-party inspector's as well as the difference in valuation is evidence of on the part of [sic] Meiwes." *Id.* at paragraph 18.

There was, therefore, at least a reasonable basis to predict that MSO Seals might recover against Meiwes at the time of her joinder. This means that Meiwes was properly joined to this action. The Court finds that Scottsdale has failed to carry its burden to establish that federal jurisdiction exists and that removal was proper. *Manguno*, 276 F.3d at 723. Accordingly, because the parties lack complete diversity, the Court lacks subject matter jurisdiction over this action and must remand the action to state court.

## CONCLUSION

Based upon the foregoing, the Court finds that Scottsdale has not demonstrated that Meiwes was improperly joined as a defendant in this case. Accordingly, and for the foregoing reasons, **IT IS ORDERED** that MSO Seals's "Motion to Abstain and Remand," Dkt. 15, is **GRANTED** and that this case be **REMANDED** to the 125th Judicial District Court of Harris County, Texas.

SIGNED at Houston, Texas, this 3rd day of June, 2020.

_George C. Hanks Jr._
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE